## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 25 2015, 8:45 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

---

ATTORNEY FOR APPELLANT

Erin L. Berger
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Robert J. Henke
James D. Boyer
Deputy Attorneys General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

In the Matter of the Termination of the Parent-Child Relationship of:
N.K. (minor child), and
B.J. (father),

*Appellant-Respondent,*

v.

The Indiana Department of Child Services,

*Appellee-Petitioner.*

September 25, 2015

Court of Appeals Case No. 82A01-1502-JT-80

Appeal from the Vanderburgh Superior Court;
The Honorable Brett J. Niemeier, Judge;
82D01-1406-JT-64

---

**May, Judge.**

[1] B.J. (Father) appeals the involuntary termination of his parental rights to N.K. (Child). We affirm.

## Facts and Procedural History

[2] Child was born to T.K. (Mother)[1] on June 8, 2006. Father is listed as Child's father on her birth certificate and signed a paternity affidavit at the hospital following Child's birth.

[3] On August 28, 2013, the Department of Child Services (DCS) received a report Child and two other children living at the residence were unsupervised, one child had a cigarette burn on his eyelid, domestic violence occurred in the presence of the children, and the home was unsanitary. On September 5, DCS removed Child and the other two children from the home. On September 9, DCS filed a petition to declare Child a Child in Need of Services (CHINS). On September 10, the trial court held a hearing on the matter, Mother admitted Child was a CHINS, and Child was adjudicated as such.

[4] DCS had difficulty locating Father because he was homeless at the time of the CHINS adjudication and claimed he did not know Child was alive. Once located, he appeared in court on September 17 and did not object to Child's adjudication as a CHINS. On October 16, the trial court ordered Father to

---

[1] Mother's parental rights were also terminated, but she does not participate in this appeal.

obtain and maintain adequate and stable housing and employment; cooperate with DCS; cooperate with and participate in recommended visitation; and participate and follow recommendations of parent aid services. Father requested the court's permission to attend the Caretakers of Sexually Abused Children Class, and the court ordered him to do so.

[5] On February 26, 2014, the trial court found Father had not complied with the services provided by DCS or completed the requirements of the court's order. On June 11, DCS filed a petition to involuntarily terminate Father's parental rights to Child. On December 1 and 2, the trial court held evidentiary hearings on the matter and, on February 4, 2015, entered an order involuntarily terminating Father's parental rights to Child.

## Discussion and Decision

[6] We review termination of parental rights with great deference. *In re K.S., D.S., & B.G.*, 750 N.E.2d 832, 836 (Ind. Ct. App. 2001). We will not reweigh evidence or judge credibility of witnesses. *In re D.D.*, 804 N.E.2d 258, 265 (Ind. Ct. App. 2004), *trans. denied*. Instead, we consider only the evidence and reasonable inferences most favorable to the judgment. *Id*. In deference to the juvenile court's unique position to assess the evidence, we will set aside a judgment terminating a parent's rights only if it is clearly erroneous. *In re L.S.*, 717 N.E.2d 204, 208 (Ind. Ct. App. 1999), *reh'g denied*, *trans. denied*, *cert. denied* 534 U.S. 1161 (2002).

[7] When, as here, a judgment contains specific findings of fact and conclusions thereon, we apply a two-tiered standard of review. *Bester v. Lake Cnty. Office of Family & Children*, 839 N.E.2d 143, 147 (Ind. 2005). We determine first whether the evidence supports the findings and second whether the findings support the judgment. *Id.* "Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference." *Quillen v. Quillen*, 671 N.E.2d 98, 102 (Ind. 1996). If the evidence and inferences support the juvenile court's decision, we must affirm. *In re L.S.*, 717 N.E.2d at 208.

[8] "The traditional right of parents to establish a home and raise their children is protected by the Fourteenth Amendment of the United States Constitution." *In re M.B.*, 666 N.E.2d 73, 76 (Ind. Ct. App. 1996), *trans. denied*. A trial court must subordinate the interests of the parents to those of the child, however, when evaluating the circumstances surrounding a termination. *In re K.S.*, 750 N.E.2d at 837. The right to raise one's own child should not be terminated solely because there is a better home available for the child, *id.*, but parental rights may be terminated when a parent is unable or unwilling to meet his or her parental responsibilities. *Id.* at 836.

[9] To terminate a parent-child relationship, the State must allege and prove:

> (A) that one (1) of the following is true:
>
> > (i) The child has been removed from the parent for at least six (6) months under a dispositional decree.

(ii) A court has entered a finding under IC 31-34-21-5.6 that reasonable efforts for family preservation or reunification are not required, including a description of the court's finding, the date of the finding, and the manner in which the finding was made.

(iii) The child has been removed from the parent and has been under the supervision of a county office of family and children or probation department for at least fifteen (15) months of the most recent twenty-two (22) months, beginning with the date the child is removed from the home as a result of the child being alleged to be a child in need of services or a delinquent child;

(B) that one (1) of the following is true:

(i) There is a reasonable probability that the conditions that resulted in the child's removal or the reasons for placement outside the home of the parents will not be remedied.

(ii) There is a reasonable probability that the continuation of the parent-child relationship poses a threat to the well-being of the child.

(iii) The child has, on two (2) separate occasions, been adjudicated a child in need of services;

(C) that termination is in the best interests of the child; and

(D) that there is a satisfactory plan for the care and treatment of the child.

Ind. Code § 31-35-2-4(b)(2). The State must provide clear and convincing proof of these allegations. *In re G.Y.*, 904 N.E.2d 1257, 1260-61 (Ind. 2009), *reh'g denied*. If the court finds the allegations in the petition are true, it must terminate the parent-child relationship. Ind. Code § 31-35-2-8.

### *Remedy of Conditions Resulting in Child's Removal*

[11]   Father argues DCS did not present sufficient evidence to prove the conditions which resulted in Child's removal would not be remedied.[2] The trial court must judge a parent's fitness to care for his child at the time of the termination hearing. *In re A.B.,* 924 N.E.2d 666, 670 (Ind. Ct. App. 2010).

[12]   Evidence of a parent's pattern of unwillingness or lack of commitment to address parenting issues and to cooperate with services "demonstrates the requisite reasonable probability" that the conditions will not change. *Lang v. Starke County OFC,* 861 N.E.2d 366, 372 (Ind. Ct. App. 2007). Failure to visit one's child "demonstrates a lack of commitment to complete the actions necessary to preserve the parent-child relationship." *Id.* at 372.

[13]   The trial court found Father did not obtain or maintain stable employment, quitting one job because he found it to be "too strenuous mentally and physically on [his] persons." (Tr. at 192.) Father testified he lived with a friend, but he had been displaced from her home on a prior occasion, and Father was homeless sporadically throughout the proceedings. Father did not

---

[2] DCS does not have to prove both a reasonable probability the conditions that resulted in Child's removal will not be remedied *and* the continuation of the parent-child relationship between Father and Child posed a threat to the well-being of Child. The statute is written in the disjunctive, and DCS must prove either by clear and convincing evidence. *See* Ind. Code § 31-35-2-4. Because there was a reasonable probability conditions leading to Child's removal would not be remedied, we need not address whether the continuation of the parent-child relationship posed a threat to Child's well-being.

complete services as ordered,[3] including the Caretakers of Sexually Abused Children class, which he requested. Finally, Father's visitation supervisor was unable to recommend unsupervised visitation between Father and Child. Father's arguments to the contrary are invitations for us to reweigh the evidence, which we cannot do. *See In re D.D.*, 804 N.E.2d at 265 (appellate court does not reweigh evidence or judge the credibility of witnesses).

## *Best Interests of Child*

[14] Father argues DCS did not prove termination of Father's parental rights was in the best interests of Child, as required by Ind. Code § 31-35-2-4(c). In determining what is in the best interests of a child, the juvenile court is required to look beyond the factors identified by DCS and look to the totality of the evidence. *McBride v. Monroe Cnty. Office of Family & Children*, 798 N.E.2d 185, 203 (Ind. Ct. App. 2003). In so doing, the juvenile court must subordinate the interests of the parent to those of the child. *Id*. Recommendations from the case manager and child advocate that it would be in the child's best interest to terminate the parent-child relationship, in addition to evidence that the conditions resulting in removal will not be remedied, are sufficient to show by clear and convincing evidence that termination is in the child's best interests. *In re M.M.*, 733 N.E.2d 6, 13 (Ind. Ct. App. 2000).

---

[3] Father argues termination was inappropriate because he was not offered sufficient services. However, "failure to provide services does not serve as a basis on which to directly attack a termination order as contrary to law." *In re H.L.*, 915 N.E.2d 145, 148 n.3 (Ind. Ct. App. 2009).

At the time of the termination factfinding hearing, Child had been removed from the familial home three times and had spent a total of two years in placement. Child did not meet Father until the most recent CHINS adjudication, when she was seven years old. Father did not complete services ordered to assist him with parenting skills and did not maintain stable housing or employment. Child was eligible to be adopted with her half-sibling, providing a "stable physical environment." (Tr. at 276.) Father's argument to the contrary is an invitation for us to reweigh the evidence, which we cannot do. *See In re D.D.*, 804 N.E.2d at 265 (appellate court does not reweigh evidence or judge the credibility of witnesses).

## Conclusion

DCS presented sufficient evidence the conditions under which Child was removed from the familial home would not be remedied and termination was in the best interests of Child. Accordingly, we affirm.

Affirmed.

Crone, J., and Bradford, J., concur.